# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN D. WICKS, SR.,<br>NORMAN D. WICKS, JR.,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF SAN DIEGO, STATE OF CALIFORNIA, POLICE DEPARTMENT OF SAN DIEGO, CAL.,<br><br>　　　　　Defendants. | CASE NO. 07CV0691-LAB (RBB)<br><br>**ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT** |

Plaintiffs Norman Wicks, Sr. ("Wicks Sr.") and Norman Wicks, Jr. ("Wicks Jr.") filed their verified complaint against the City of San Diego (the "City"), the State of California (the "State"), and the Police Department of San Diego, California (the "SDPD"), along with a motion and declaration to proceed *in forma pauperis* ("IFP").

**I.　　Motion for Leave to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

/ / /

The Court has reviewed the jointly-submitted IFP application, which is signed by both Plaintiffs under penalty of perjury. Neither Plaintiff is incarcerated. The two declare they received a total of $600 from self-employment and Wicks Sr. receives a total of $858 in social security payments. Wicks Jr. declares he is the caretaker for Wicks Sr. They declare Wicks Jr. until recently also received $295 monthly for taking care of his father. They declare they have no cash or other assets of any kind, except for a model 1983 car owned outright by Wicks Sr. They declare Wicks Sr. has a checking account, but do not state the balance of this account. The Court understands this to mean the checking account has no money in it. The Court therefore finds the Plaintiffs lack the means to pay the $350 filing fee for this action, and **GRANTS** their application to proceed IFP.

## II. Screening Pursuant to § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is obligated to dismiss this case at any time if it determines that

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Accordingly, if at any time before the final disposition of this case Plaintiffs discover they have omitted any facts concerning their assets or income, they are both hereby **ORDERED** to promptly inform the Court of this by filing a notice.

In furtherance of its responsibilities under § 1915(e)(2)(B), the Court has reviewed the complaint in order to determine whether dismissal is required. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (requiring, pursuant to 28 U.S.C. § 1915(e), preliminary screening of complaints brought *in forma pauperis*).

Because Plaintiffs are proceeding pro se and bringing civil rights claims, the Court construes their claims liberally. Because Plaintiffs are proceeding pro se and bringing civil rights claims, the Court will construe their memorandum liberally. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). The Court will not, however, supply

facts they have not pled. *See Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

When determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2), courts use the standard of review for motions brought pursuant to Fed. R. Civ. P. 12(b)(6). *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005). In ruling on a motion to dismiss under Rule 12(b)(6), the Court assumes the truth of Plaintiffs' factual allegations and construes them in the light most favorable to Plaintiffs, drawing all reasonable inferences from the allegations in favor of Plaintiffs. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, the Court does not accept unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Vague and conclusory allegations are insufficient to withstand scrutiny under this standard. *Ivey*, 673 F.2d at 268.

Plaintiffs have named only three Defendants: the City, the State, and the SDPD. Construing the complaint liberally, their causes of action arise under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and California tort law. Plaintiffs seek $500,000 in compensatory damages; $2.5 million in punitive damages from each Defendant; and an injunction forbidding the SDPD from harassing them and requiring the SDPD to enforce the Americans with Disabilities Act.

### A.  Handicapped Access to Sidewalks, Beaches, and Restrooms

Plaintiffs begin by making a number of general allegations that various unidentified facilities do not comply with ADA requirements. (Complaint at 2.) Plaintiffs allege the City is failing to instruct its personnel with regards to the ADA and, as a result, there are sidewalks with no wheelchair access, sidewalks with cracks and breaks that damage Wicks Sr.'s wheelchair, and no access to beaches. (*Id.*) They also allege bathrooms at beaches are inaccessible because non-disabled patrons abuse the facilities in unspecified ways and stay in them too long. (*Id.*) Plaintiffs allege they have videotapes of these incidents and police refuse to enforce the law. (*Id.*)

Plaintiffs' claims regarding sidewalks, restrooms, and beaches are vague, conclusory, and somewhat contradictory. First, the facilities at issue and the incidents in question are not identified. It is unclear whether the City even operates or controls the facilities at issue, or whether Plaintiffs have standing to bring this claim. Moreover, although Plaintiffs allege they have no access to beaches, they also complain of inadequate handicapped access to restrooms once they are at the beaches.

Plaintiffs appear to be alleging the City is liable under *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) for its "official custom or policy." The City may be liable under § 1983 if it has a "policy of inaction and such inaction amounts to a failure to protect constitutional rights." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). The custom or policy of inaction, however, must be the result of a "conscious," *City of Canton*, 489 U.S. at 389, 109 S.Ct. 1197, or "deliberate choice to follow a course of action," *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (Brennan, J., plurality opinion). In this case, however, Plaintiffs have specifically alleged the City is negligent in failing to properly instruct its personnel. (Complaint at 2.)

In addition, the City cannot generally be required to protect Plaintiffs against harm inflicted by third parties, whether they be vandals or members of the public who remain in the restroom too long. *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 196–97, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). In addition, the complaint appears to assert it is the responsibility of local police to enforce the ADA, which is not the case. *See* 42 U.S.C. § 12133 (identifying enforcement provisions for Title II of the ADA).

**B.     Incident at University of California Hospital**

**1.     Alleged Factual Background**

Plaintiffs detail an alleged incident at the hospital operated by the University of California (the "Hospital") and located in the Hillcrest neighborhood in San Diego. They contend they both went to the Hospital, where Wicks Sr. "asked for reasonable

1  accommodations" under the ADA, which were denied. They never allege what the
2  accommodations were, but Plaintiffs do allege employees laughed at Wicks Sr. They allege
3  Wicks Jr. took a video of this incident and called 911 to summon police to report the alleged
4  ADA violation. Plaintiffs allege a triage nurse asked security personnel to retrieve the
5  videotape Wicks Jr. had taken of her, after which three unidentified Hospital security
6  personnel assaulted Wicks Jr. in order to take the videotape away from him, severely
7  beating, punching, and kicking him, throwing him against a wall, and holding him in
8  handcuffs for two and a half hours. He asserts through all this that they did not find the
9  videotape, and also that the warrantless search violated his civil rights. At that point,
10 Plaintiffs allege, police arrived and told the security personnel to release him. He says the
11 police "refused to prosecute" the security personnel.

12 During the alleged assault on Wicks Jr., Plaintiffs allege Wicks Sr. was taken against
13 his will to an examination room. Although he allegedly demanded to be released instead of
14 examined, hospital personnel allegedly took his wheelchair from him so he could not leave
15 or see his son.

16 Plaintiffs state they do not know the identities of the triage nurse or the three security
17 personnel. They have not named or attempted to name them as Defendants. Plaintiffs
18 allege Wicks Jr. has post-traumatic stress disorder, dissociative amnesia, clinical
19 depression, and brain damage, and that Wicks Sr. also suffers from post-traumatic stress
20 disorder. They allege Wicks Jr. is still suffering the ill effects of the beating, and Wicks Sr.
21 is still traumatized by the sight of the beating.

22 **2.     Discussion**

23 As an initial matter, it is clear Defendants either were not involved in this incident or
24 are immune from § 1983 claims in connection with it. Under the Eleventh Amendment to the
25 U.S. Constitution, the State of California is generally immune from § 1983 suits, as are any
26 entities considered to be an "instrumentality" or "arm" of the state. *Will v. Michigan Dep't of*
27 *State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). *See also Atascadero*
28 *State Hosp. v. Scanlon*, 473 U.S. 234, 240, 105 S.Ct. 3142, 3146, 87 L.Ed.2d 171 (1985)

(holding that state hospital was arm of the state for purposes of Eleventh Amendment immunity) (*abrogated on other grounds as noted in Cousins v. Dole*, 674 F. Supp. 360, 362 (D.Me. 1987)); *Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997) (citations omitted) (holding that California state university enjoys Eleventh Amendment immunity).

The SDPD's alleged involvement in this matter was that some officers appeared on the scene and told hospital security personnel to release Wicks Jr. and later "refused to prosecute" the hospital personnel or to enforce the ADA. As noted above, local police have neither the responsibility nor the power to enforce Title II of the ADA, nor in general can they be sued for failure to protect Plaintiffs from actions by third parties. Furthermore, police may assist with the prosecution of criminals, but they do not make decisions regarding whether to prosecute; this is the role of prosecutors, who enjoy absolute immunity for their decisions in this regard. *Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) ("[I]it is well established that a prosecutor has absolute immunity for the decision to prosecute a particular case . . . and for the decision *not to prosecute* a particular case or group of cases . . . .") (citations omitted). The complaint therefore makes clear Plaintiffs cannot state a claim against the SDPD for the actions of its officers in connection with this incident.

Except with regard to the SDPD's involvement, the complaint makes clear the City was not in any way connected with this incident. Plaintiffs have named no other Defendants, and the Court will not do so for them. *Ivey*, 673 F.2d at 268 (noting that court may not supply elements of a claim that were not pled).

As the Ninth Circuit has explained, under Title II of the ADA, Congress effectively abrogated the State's Eleventh Amendment sovereign immunity. *Phiffer v. Columbia River Correctional Inst.*, 384 F.3d 791, 792 (9th Cir. 2004). However, Plaintiffs' allegations that hospital personnel refused Wicks Sr. reasonable accommodations mention only "ADA accommodations," "reasonable accommodations," and an "ADA violation" without alleging any facts on which claims of ADA violations were based. (Complaint at 3–4.)  These

/ / /

allegations are vague and conclusory and therefore cannot withstand scrutiny under the Rule 12(b)(6) standard. *Ivey*, 673 F.2d at 268.

Plaintiffs allege the hospital's security personnel attacked, beat, and unlawfully detained Wicks Jr., kidnaped Wicks Sr. by sequestering him and not permitting him to leave during the incident, and inflicted emotional distress on Wicks Sr. by beating his son in his presence. Even if the state were not immune from ordinary civil claims in federal court, this Court would lack jurisdiction over these claims, which arise under state law. The Court cannot exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the § 1983 and ADA claims over which the Court would have jurisdiction are being dismissed. The pleadings make clear there is clear there is no diversity of citizenship. *See* 28 U.S.C. § 1332(a) (setting forth requirements for federal diversity jurisdiction).

## III.   Conclusion and Order

As filed, Plaintiffs' complaint does not state a claim, and seeks money damages against immune Defendants. Therefore, dismissal is required under 28 U.S.C. § 1915(e)(2). However, "[d]ismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (internal quotation marks and citation omitted). Therefore, Plaintiffs' complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

**If Plaintiffs wish to amend their complaint to cure the defects identified in this order, they may do so by filing an amended complaint no later than thirty calendar days from the date this order is entered. <u>Should they fail to do so, this action may be dismissed with prejudice without further notice to Plaintiffs.</u>**

**IT IS SO ORDERED**.

DATED: June 22, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge